IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, </br></br>  One Tower Square </br>  Hartford, Connecticut 06813 </br></br> PLAINTIFF, </br></br> v. </br></br> TONYA R. FREELAND, </br></br>  Serve: Tonya R. Freeland </br>    1237 Savannah Pl. SE </br>    Washington, D.C. 20032 </br></br>  and </br></br> TAMMY S. TALLEY, </br></br>  Serve: Tammy Talley </br>    3430 25th Ave. </br>    Temple Hills, MD  20748 </br></br> DEFENDANTS. | Case No. _____ |

**COMPLAINT**

Plaintiff, The Standard Fire Insurance Company ("Standard"), by counsel, states as follows as its Complaint for Declaratory Judgment against Tonya R. Freeland and Tammy S. Talley.

**I.     Parties**

1.     Plaintiff Standard is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut.  At all relevant

times hereto, Standard was licensed to conduct the business of insurance in the District of Columbia.

2. Defendant Tonya R. Freeland is an individual residing in Washington, D.C.

3. Upon information and belief, Defendant Tammy S. Talley is an individual residing in Maryland, who at all relevant times, worked as a United States Postal carrier in the District of Columbia.

## II. Jurisdiction and Venue

4. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2201.

5. The Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $100,000.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## III. Facts

<u>The Underlying Claim</u>

7. On April 27, 2012, Defendant Talley was working as a postal carrier and was attempting to deliver mail to the home of Defendant Freeland at 1237 Savannah Place, SE, Washington, D.C. 20032.

8. When Talley tried to open the front gate at Freeland's home, Freeland's dog got under the fence and bit Talley on the arms, injuring her (the "Accident").

9. The D.C. Police and Animal Control responded to the Accident, as did the U.S. Postal Service. Talley was transported by ambulance to the emergency room.

10. Neither Freeland nor Talley reported the incident to Standard at the time.

<u>The Policy</u>

11. On the date of the Accident, Freeland's home, located at 1237 Savannah Place, SE, Washington, D.C. 20032, was listed as the "Residence Premises" on a Homeowners Policy of insurance issued by Standard, policy number 973059516 633 1, with a policy period of August 24, 2011 through August 24, 2012, issued to Freeland as the named insured (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

12. Relevant to this lawsuit, the Policy contains COVERAGE E – PERSONAL LIABILITY, which includes the following insuring agreement:

> **SECTION II – LIABILITY COVERAGES**
>
> **COVERAGE E – PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury, personal injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
>
> a. Pay up to our limit of liability for the damages for which the **insured** is legally liable. Damages include prejudgment interest awarded against the **insured**; and
>
> b. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.

(Policy (Ex. A), 58064 (06-99) p. 3 of 3.)

13. Relevant to this lawsuit, the Policy contains the following conditions applicable to Personal Liability coverage:

> **SECTION II – CONDITIONS**
>
> \* \* \*
>
> 3. **Duties After Loss**. In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You will help us by seeing that these duties are performed:

3

    a.    give written notice to us or our agent as soon as is practical, which sets forth:

        (1)    the identity of the policy and **insured**;

        (2)    reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

        (3)    names and addresses of any claimants and witnesses;

(Policy (Ex. A), HO-3 (06-91) p. 18 of 21.)

14.    Relevant to this lawsuit, the Policy contains the following definitions:

**DEFINITIONS**

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations … and "we", "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

\* \* \*

2.    "**bodily injury**" means bodily harm, sickness or disease, including required care, loss of services and death that results.

\* \* \*

4.    "**insured**" means you and the following residents of your household:

    a.    your relatives;

    b.    any other person under the age of 21 who is in the care of any person named above.

Under Section II, "**insured**" also means:

    c.    with respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by you or any person included in 4.a. or 4.b. above….

\* \* \*

6.    "**occurrence**" means an accident . . . which results during the policy period, in:

    a.    **bodily injury**; or

    b.    **property damage**.

(Policy (Ex. A), HO-3 (06-91) p. 1 of 21.)

15. Standard was first notified of the Accident on February 3, 2015 when it received a letter from Talley's attorney, indicating that Talley had a personal injury claim against Freeland relating to the Accident (the "Claim"). The letter indicated the extent of Talley's injuries was not yet known.

16. Standard is defending Freeland under a Reservation of Rights but seeks a declaration in this action that it does not owe coverage (defense or indemnity) to Freeland in connection with the Accident or Claim because Freeland breached the notice provisions of the Policy.

### IV.    Count I – Declaratory Judgment

17. Standard incorporates by reference paragraphs 1 through 16 as if restated herein.

18. An actual controversy exists between Standard and the Defendants concerning whether Freeland is entitled to coverage under the Policy in connection with the Claim and/or Accident. There is no adequate remedy other than that requested herein by which this controversy may be resolved.

19. Standard seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Standard has no obligation to provide coverage to Freeland in connection with the Claim or Accident under the Policy or otherwise.

20. Standard is entitled to this declaratory judgment:

    (A)    Because Freeland did not give written notice of the Accident to Standard as soon as practical; and/or

(B)	To the extent that other provisions or exclusions of the Policy bar coverage for Freeland under the Policy with respect to the Claim and/or the Accident.

WHEREFORE, Standard respectfully requests the Court declare that Freeland is not entitled to coverage (defense or indemnity) with respect to the Claim and/or the Accident under the Policy or otherwise and award such other and further relief as the Court deems just and appropriate.

**Respectfully submitted,**

**THE STANDARD FIRE INSURANCE COMPANY**

/s/   Kathryn E. Kasper
**By Counsel**

Kathryn E. Kasper (DCB No.: 980045)
HANCOCK, DANIEL, JOHNSON & NAGLE, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
kkasper@hdjn.com
Phone:  (804) 967-9604
Fax:  (804) 967-2411
*Counsel for The Standard Fire Insurance Company*